UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| W. BROOKS WATSON, et al. | * | CIVIL ACTION NO. 17-1331 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| ARKOMA DEVELOPMENT, LLC, et al. | * | MAG. JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Plaintiffs' motion to remand [doc. # 12]. The motion is opposed. For reasons explained below, it is recommended that the motion to remand be DENIED.

## Background

On June 27, 2017, Plaintiffs[1] filed the instant oilfield contamination suit in the 6th Judicial District Court for the Parish of Tensas, State of Louisiana against eight defendants arising out of decades-long oil and gas exploration and production activities conducted on Plaintiffs' properties by the defendants and/or their predecessors in title. *See* Notice of Removal, doc. # 1, p. 1. The eight entities named as defendants are: Arkoma Development LLC, Arkoma Louisiana LLC, Atlantic Richfield Company, BP America Production Company, ConocoPhillips Company ("ConocoPhillips"), Kabco Oil & Gas Company, Kabco Production Company, and Southern Natural Gas Company, LLC ("SNG").

On October 17, 2017, defendants SNG and ConocoPhillips removed this suit to this Court on the sole basis of diversity jurisdiction, 28 U.S.C. § 1332. Notice of Removal, doc. #1.

---

[1] As used herein, the capitalized term "Plaintiffs" refers to all plaintiffs in this action, excluding the State of Louisiana.

Plaintiffs timely filed the instant motion to remand asserting that this Court lacks subject matter jurisdiction because the State of Louisiana is a party. *See* Motion to Remand, doc. #12.

On July 31, 2017, defendants, SNG and ConocoPhillips, filed their Memorandum in Opposition to Motion to Remand [doc. # 16]. SNG and ConocoPhillips argued that Plaintiffs lack authority to bring suit in the name of the State of Louisiana and, alternatively, the State of Louisiana is, at most, a nominal party. Plaintiffs filed a reply in support of remand on December 14, 2017 [doc. # 21]. Removing defendants filed a sur-reply on January 5, 2018. [doc. # 24]. Thus, the matter is ripe.

## Discussion

A defendant may remove an action from state court to federal court, provided the action is one in which the federal court may exercise original jurisdiction. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)). The removing defendant bears the burden of establishing federal subject matter jurisdiction and ensuring compliance with the procedural requirements of removal. *Id*. Because federal courts are courts of limited jurisdiction, a suit is presumed to lie outside this limited jurisdiction unless and until the party invoking federal jurisdiction establishes to the contrary. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citation omitted). The removal statutes are strictly construed in favor of remand. *Manguno, supra*.

Defendants SNG and ConocoPhillips invoked this court's diversity jurisdiction, which requires an amount in controversy greater than $75,000, and complete diversity of citizenship between plaintiffs and defendants, 28 U.S.C. § 1332(a). Plaintiffs do not contest that the amount in controversy exceeded $75,000 at the time of removal. *See generally* Memorandum in Support

of Motion to Remand, doc. # 12-1.  The undersigned concludes that it is facially apparent that the claimed damages exceed $75,000.  *See* Notice of Removal, doc. #1.  Plaintiffs also do not contest that all plaintiffs, excluding the State of Louisiana, are citizens of Louisiana only, and all defendants are not citizens of Louisiana.  The undersigned concludes that it is facially apparent that, excluding the State of Louisiana, complete diversity exists.  *See id.*  Thus, the jurisdictional issues are whether the State of Louisiana was properly made a party to this actions and whether it is a real party in interest.

**I.      Whether the State of Louisiana Was Properly Made a Party.**

The diversity jurisdiction statute presupposes a civil action between "citizens of different states," where all plaintiffs are diverse from all defendants.  28 U.S.C. § 1332; *Farrell Const. Co. v. Jefferson Parish, La.*, 896 F.2d 136, 139-140 (5th Cir. 1990).  "Ordinarily '[i]n an action where a state is a party, there can be no federal jurisdiction on the basis of diversity of citizenship because a state is not a citizen for purposes of diversity jurisdiction.'" *Louisiana v. Union Oil Co. of Cal.*, 458 F.3d 364, 366 (5th Cir. 2006) (quoting *Tex. Dep't of Hous. & Cmty. Affairs v. Verex Assurance, Inc.*, 68 F.3d 922, 926 (5th Cir. 1995)).  Accordingly, excluding the exception discussed below, if the State of Louisiana is a party to this litigation, this Court would not have subject matter jurisdiction.

Plaintiffs named the State of Louisiana *ex rel.* W. Brooks Watson, Ben W. Watson, Scott H. Watson and Touchdown Holdings, LLC as a plaintiff in this action.  Plaintiffs argue that they had authority to bring suit on behalf of the State of Louisiana pursuant to La. R.S. § 30:16.  Defendants argue that Plaintiffs La. R.S. § 30:16 grants no such authority.

A party may only sue in the name of the State of Louisiana if that party has statutory

authority to do so.  *See In re Louisiana Riverboat Gaming Comm'n*, 659 So. 2d 775, 779 (La. App. 1 Cir. 1995); *Par. of Plaquemines v. Total Petrochemical & Ref. USA, Inc.*, 64 F. Supp. 3d 872, 889 (E.D. La. 2014) ("Louisiana law does not brook self-appointed interlopers who institute legal action on behalf of the State without the legal authority to do so.").  La. R. S. § 30:14 grants the Commissioner of Conservation (the "Commissioner") the duty to sue to restrain a violation or threatened violation of Louisiana's oil and gas regulations or orders made thereunder.  La. R. S. § 30:16 allows persons in interest to notify the Commissioner of a violation or threatened violation of Louisiana's oil and gas regulations and request that the Commissioner sue to enjoin the violation.  If the Commissioner does not bring suit within 10 days of receiving the notice, "any person in interest adversely affected by the violation . . . may bring suit to prevent any or further violations . . . ."  La. R. S. § 30:16.  However, if the suit is successful and "the court holds that injunctive relief should be granted, the commissioner shall be made a party and shall be substituted for the person who brought the suit and the injunction shall be issued as if the commissioner had at all times been the complaining party."  *Id.*

La. R. S. § 30:16 does not provide that an interested person may sue on behalf of or in the name of the state, only that they may sue where the notice conditions are met.  La. R. S. § 30:16 provides that only when the suit is successful and injunctive relief is granted is the commissioner "made a party" to the litigation.  *See also Trahan v. Superior Oil Co.*, 700 F.2d 1004, 1014 (5th Cir. 1983) ("[T]hen such person may bring such a suit, and, if the court finds an injunction is proper, the Commissioner will be made a party.").  Further, the statue clearly envisions the Commissioner replacing "*the person who brought the suit*" (i.e., the "person in interest adversely affected by the violation"), not the State of Louisiana.  The undersigned concludes that Plaintiffs

4

lack statutory authority to sue in the name of the State of Louisiana. Accordingly, the State of Louisiana was not properly made a party to this litigation and should be removed from the caption of this case.

## II.     Whether the State of Louisiana is a Real Party in Interest.

Where the state is a "nominal party" its presence does not destroy complete diversity and the court may disregard the state for purposes of determining diversity jurisdiction. *Wolff v. Wolff*, 768 F.2d 642, 645 (5th Cir. 1985) ("In determining diversity jurisdiction, . . . the citizenship of nominal or formal parties who have no real interest in the dispute before the court may be disregarded, even though they may be required by law or court order to join in the lawsuit."). The state is considered a nominal party where it has no real interest in the outcome of the litigation. *Id*. "Whether a party is 'nominal' for removal purposes depends on 'whether, in the absence of the [defendant], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to the plaintiff.'" *Acosta v. Master Maint. & Const. Inc.*, 452 F.3d 373, 379 (5th Cir. 2006) (quoting *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349, Int'l Printing Pressmen & Assistants' Union of N. Am.*, 427 F.2d 325, 327 (5th Cir. 1970)). This decision must be guided by practical considerations. *Louisiana v. Union Oil Co. of California*, 458 F.3d 364, 367 (5th Cir. 2006).

Plaintiffs argue that the State of Louisiana has a regulatory interest in the outcome of this litigation. *See* Memorandum in Support of Motion to Remand, doc. #12-1, pp. 1-2. Defendants argue that a mere regulatory interest does not make the State of Louisiana a real party in interest. *See* Memorandum in Opposition to Motion to Remand, doc. # 16, pp. 5-8.

The U.S. Supreme Court's century old decision in *Missouri, K. & T. Ry. Co. of Kansas v. Hickman*, 183 U.S. 53 (1901), resolved this dispute. In *Missouri*, the Justice Brewer stated:

> It is true that the state has a governmental interest in the welfare of all its citizens, in compelling obedience to the legal orders of all its officials, and in securing compliance with all its laws. But such general governmental interest is not that which makes the state, as an organized political community, a party in interest in the litigation, for *if that were so the state would be a party in interest in all litigation*; because the purpose of all litigation is to preserve and enforce rights and secure compliance with the law of the state, either statute or common. *The interest must be one in the state as an artificial person.*

*Id.* at 60 (emphasis added).

Here, the State of Louisiana's interest in this litigation, as articulated by Plaintiffs, is merely the type of regulatory interest the Supreme Court held inadequate to make it a real party in interest. Conversely, Plaintiffs own the property at the center of this litigation and have a pecuniary interest in the outcome of this action. Accordingly, Plaintiffs are the real parties in interest.

Based on the foregoing, the undersigned concludes that the State of Louisiana is neither a real party in interest nor a properly named party to this litigation. Accordingly, complete diversity exists among the parties; this Court has subject matter jurisdiction to hear the case; and Plaintiffs motion to remand should be denied.

## Conclusion

For the above-assigned reasons, IT IS RECOMMENDED that the motion to remand [doc. # 12] filed by Plaintiffs be DENIED and that the State of Louisiana is not a party to this litigation and any reference to the State of Louisiana as a party should be removed.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties

have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 5th day of February 2018.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE